(Reap. Dec. 9909)

THEO. L. STERN & CO., INC., ET AL. *v.* UNITED STATES

Entry No. 787875, etc.

(Decided February 2, 1961)

*Jordan & Klingaman* for the plaintiffs.

*George S. Leonard,* Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States that the market value or the price at the time of exportation to the United States of the merchandise covered by the appeals for reappraisement enumerated in the schedule hereto attached and made a part hereof, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States was the appraised value less the amount added to meet advances by the appraiser in similar cases, and that there was no higher foreign value.

IT IS FURTHER STIPULATED AND AGREED that the issue is the same as in *Paramount Import Co., Inc., et al.* v. *United States*, Reap. Dec. 9697 and that the record in said case may be incorporated herein.

IT IS FURTHER STIPULATED AND AGREED that these appeals for reappraisement are submitted on this stipulation.

In the incorporated case, it was held that the amount paid a foreign commissionaire for services rendered in connection with the purchase of merchandise in the foreign market and which amount did not inure to the benefit of the seller was a buying commission and, therefore, was not a part of the dutiable value of the merchandise.

On the agreed facts and following my cited decision on the law, I find that the proper basis for appraisement of the merchandise in question is export value, as defined in section 402(d) of the Tariff Act of 1930, and hold that such statutory value therefor is the appraised value, less the amount added to meet advances by the appraiser in similar cases.

Judgment will be rendered accordingly.